[Civ. No. 7775. Second Appellate District, Division One.—July 9, 1931.]

In the Matter of the Estate of ANNIE E. BURNS, Deceased. WM. H. FORRESTER et al., Appellants, v. CLAY ROBBINS, Executor, etc., et al., Respondents.

W. C. Shelton and George W. Burch, Jr., for Appellants.

Fredericks, Hanna and Morton and Byron F. Story for Respondents.

YORK, J.—This is an appeal from a judgment based upon a verdict rendered in response to the court's order made in connection with an order granting proponents' motion for a nonsuit.

An examination of the evidence discloses the fact that there was not sufficient evidence to show mental incapacity to make a will either on August 7, 1923, or on January 23, 1924, at the time when the will and codicil were executed. Also, that there was no evidence showing undue influence or irregularity of execution of the will, and the court was therefore justified in granting the motion for nonsuit on such grounds. The court was justified in directing the jury to return a verdict in favor of the proponents on the other issue, to wit, mental incapacity, and such verdict was properly brought in by the jury. The court was also justified in rendering its judgment based upon such verdict that the decedent Annie E. Burns was mentally competent to make a last will and testament on August 7, 1923, and was mentally competent to make a codicil to her last will and testament on January 3, 1924, and the court was further justified in making its orders that the last will and testament of Annie E. Burns, dated August 7, 1923, and the codicil thereto, dated January 3, 1924, "be and the same are hereby admitted to probate".

In order to constitute a ground for setting aside a will of a decedent it must be shown that mental incapacity or insanity of the testator was of such a nature as to affect the testamentary capacity of the decedent; and unless this is shown by the contestants, the will of decedent cannot be declared to be void on the ground of mental incapacity, in the absence of any showing of undue influence or fraud.

The judgment is affirmed. ■ The attempted appeals from the verdict of the jury and from the order denying motion for a new trial are dismissed.

Conrey P. J., concurred.

Houser, J., concurred in the judgment.